# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**RHONDA CORNETTE,**

    Plaintiff,

v.                                                             **Civil Action No. 2:10-CV-60
(BAILEY)**

**JENNY GARTON INSURANCE AGENCY, INC.,
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, and UNITED COLLECTION BUREAU, INC.,**

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS

Currently pending before the Court is the defendants' Motion to Strike Class Allegations Pursuant to Fed. R. Civ. P. 23(c)(1) and 23(d)(1)(D) [Doc. 7], filed May 7, 2010. Plaintiff failed to respond. This Court, having reviewed the motion and the record, finds that the defendants' motion should be **GRANTED**.

## BACKGROUND

**I.**     **Factual Allegations**

This case involves a Basic Hospital-Surgical insurance policy between Rhonda Cornette, the plaintiff, and State Farm Mutual Automobile Insurance Company ("State Farm"). The written terms of the policy exclude coverage for "normal" pregnancy and childbirth and provide pregnancy-related coverage only for certain expenses deriving from "complications of pregnancy." According to the plaintiff, however, nearly twenty years ago when her parents purchased the policy from Jenny Garton Insurance Agency, Inc. ("Garton Agency"), an insurance agent told her family that coverage extended to all normal and high

risk reproductive services.  At unspecified times thereafter, State Farm again represented that the plaintiff was covered for both normal and high risk pregnancies.

In October 2006, a physician classified the plaintiff as having a high risk pregnancy.  State Farm failed to cover all services for which the plaintiff claimed coverage.  In March 2010, the plaintiff discovered entries on her credit report related to unpaid bills for pregnancy services.

## II. **Procedural History**

On April 5, 2010, the plaintiff filed suit against State Farm, Garton Agency, and the United Collection Bureau, Inc., in the Circuit Court of Lewis County, West Virginia.  The Complaint [Doc. 1-1], which is composed of twenty-nine counts ranging from fraudulent misrepresentation to gender-based discrimination, contains a section titled "Class Certification."  (Id. at ¶¶ 89-99).  In this section, the plaintiff alleges that there exists a "potential group" of plaintiffs in West Virginia and nationwide who have been similarly affected by State Farm's failure to pay covered maternity expenses.  (Id. at ¶¶ 92-93).  As a result, the plaintiff requests that this Court certify the case as a class action in accordance with Rule 23 of the Federal Rules of Civil Procedure.  (Id. at ¶ 99).

On May 5, 2010, the defendants removed the above-styled action to the Northern District of West Virginia [Doc. 1].  The defendants allege removal jurisdiction based upon federal question jurisdiction.  (Id. at ¶ 3).

On May 7, 2010, the defendants filed the pending Motion to Strike [Doc. 7], requesting that this Court strike the class allegations contained in the Complaint. In support of this request, the defendants argue that the face of the Complaint fails to satisfy the requirements for class certification.  (Id. at 5-6).

2

## DISCUSSION

**I.     Applicable Standard**

To assert claims on behalf of a class, a plaintiff must clear three sets of procedural hurdles. First, a plaintiff must establish that a class exists and is ascertainable. This requires that the plaintiff define the class in objective terms and that the class be administratively feasible to identify who falls within the class. *See **Kirkman v. N.C. R.R. Co.**,* 220 F.R.D. 49, 53 (M.D. N.C. 2004). Second, a plaintiff must satisfy the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 23(a); ***Gunnells v. Healthplan Servs., Inc.*** 348 F.3d 417, 423 (4th Cir. 2003). Finally, class certification is appropriate only if the lawsuit falls within one of the three categories set forth in Rule 23(b). *See **Gunnells***, 348 F.3d at 423.

According to Rule 23(c)(1)(A), a court must determine whether class certification is proper "[a]t an early practicable time after a person sues or is sued as a class representative . . .." The plaintiff, as the party seeking certification, bears the burden of establishing that certification is appropriate. ***Lienhart v. Dryvit Sys., Inc.***, 255 F.3d 138, 146 (4th Cir. 2001). Where the inability to maintain the suit as a class action is apparent from the face of the complaint, a court may dismiss the class allegations on the pleadings. *See e.g.,* ***John v. Nat'l Sec. Fire & Cas. Co.***, 501 F.3d 443, 445 (5th Cir. 2007). The court may issue such an order upon a motion by the defendants, regardless of whether the plaintiff has moved for class certification. ***Vinole v. Countrywide Home Loans, Inc.***, 571 F.3d 935-40 (9th Cir. 2009).

3

**II.     Analysis**

In their motion, the defendants argue that the plaintiff's inability to maintain this suit as a class action is apparent from the face of the Complaint.  (See [Doc. 7] at 5).  This Court agrees.  Even if this Court were to find that the plaintiff has alleged the existence of an ascertainable class, which is also of a type permitted by Rule 23(b), class certification is improper because the plaintiff's allegations fail to meet the requirements of Rule 23(a).

Rule 23(a) of the Federal Rules of Civil Procedure provides that:

One or more members of a class may sue or be sued as representative parties on behalf of all members *only if*:

>   (1) the class is so numerous that joinder of all members is impracticable;
>
>   (2) there are questions of law or fact common to the class;
>
>   (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; *and*
>
>   (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a) (emphasis added).

First, with regard to numerosity, the plaintiff alleges that the putative class contains "[a]n unknown, but *assumed* large, number of women."  ([Doc. 1-1] at ¶ 92) (emphasis added).  This is plainly inadequate.  Rule 23(a)(1) does not allow this Court to *assume* that "the class is so numerous that joinder of all members is impracticable."

Second, with regard to commonality, the plaintiff alleges that "there are common questions of law and fact relevant to each member of the class."  ([Doc. 1-1] at ¶ 94).  However, it appears from the plaintiff's allegations that individual issues substantially

4

outweigh any conceivable issues that may be common to the purported class.  For example, the basis for the plaintiff's claims is that State Farm or its agent misrepresented the terms of her policy to the plaintiff and her family over a period of nearly twenty years.  Proving that these misrepresentations were made, and provided coverage for the specific services received by the plaintiff, will undoubtedly require individualized evidence.

Third, with regard to typicality, the plaintiff alleges that "the claims she is making are typical of the parties to be represented in the class."  ([Doc. 1-1] at ¶ 95).  Again, the plaintiff's claims are based upon allegations that State Farm misinterpreted her coverage on more than one occasion over a period of nearly twenty years.  Thus, the plaintiff's claims can hardly be characterized as "typical."

Finally, with regard to adequacy, the plaintiff alleges that "this instant action will preserve and protect the rights of all members of the class affected by the actions of the Defendants." ([Doc. 1-1] at ¶ 96).  In light of the inadequacy of the plaintiff's allegations with regard to the first three requirements of Rule 23(a), this Court cannot find that the plaintiff would adequately protect the interests of a putative class.

Therefore, because the requirements of Rule 23(a) are not satisfied on the face of the Complaint, this Court finds that class certification is improper at this time.  Accordingly, the defendants' Motion to Strike should be **GRANTED**.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the defendants' Motion to Strike Class Allegations Pursuant to Fed. R. Civ. P. 23(c)(1) and 23(d)(1)(D) [Doc. 7] should be, and hereby is, **GRANTED**.  Accordingly, the Court hereby **STRIKES** from the Complaint

[Doc. 1-1] paragraphs 89 through 99.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record.

**DATED**: May 27, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE